## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

**FILED**

**APR 15 2004**

Judge Robert W. Gettleman
United States District Court

SANTA'S BEST CRAFT, LLC, a Delaware )
limited liability company; SANTA'S BEST )
CRAFT, an Illinois general partnership; and )
H.S. CRAFT MANUFACTURING CO., a )
Taiwanese corporation (Republic of China), )
)
      Plaintiffs, )
)
    vs. )
)
ST. PAUL FIRE AND MARINE INSURANCE )
COMPANY, a Minnesota corporation, )
)
      Defendant. )
)
                             )

CASE NO: 04 C ~~134T~~
1342

Hon. Robert W. Gettleman

**DOCKETED**
**APR 22 2004**

## NOTICE OF MOTION

To: See Service List Attached

    PLEASE TAKE NOTICE that on the 21st day of April, 2004 at 9:15 a.m., before the Honorable Robert W. Gettleman, Court Room 1703 of the Northern District of Illinois, we shall present PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, a copy of which is attached hereto and herewith served upon you.

Dated: April 15, 2004

          SANTA'S BEST CRAFT, LLC, SANTA'S BEST
          and H.S. CRAFT MANUFACTURING CO.

          By:_____
                One of Their Attorneys

Mitchell Bryan
Gary I. Blackman
LEVENFELD PEARLSTEIN
Attorneys for Plaintiffs
2 North La Salle Street, Suite 1300
Chicago, IL 60602
Tel: (312) 346-8380
Fax: (312) 346-8434
H:\51900\51913\NOM 4-15-04 - 2



| | |
|---|---|
| **STATE OF ILINOIS** | ) |
| | ) **SS.** |
| **COUNTY OF COOK** | ) |

## CERTIFICATE OF SERVICE

Sandy Brown, a non-attorney, being first duly sworn on oath, deposes and states that she served the foregoing **Notice of Motion and Plaintiffs' Motion for Partial Summary Judgment,** true and correct copies hand delivered via messenger from 2 North LaSalle Street, Chicago, Illinois, 60602, before 5:00 p.m., this 15th day of April, 2004, to the person(s) listed on the Service List attached.

_____
Sandy Brown

Subscribed and sworn to before me
this 15th day of April, 2004

_Rene Williamson_
Notary Public

```
OFFICIAL  SEAL
RENE WILLIAMSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-12-2004
```

2

## SERVICE LIST

Shaun McParland Baldwin
D.J. Sartorio
Jason M. Craft
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, Illinois 60606

# IN THE UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF ILLINOIS

SANTA'S BEST CRAFT, LLC, a Delaware
limited liability company; SANTA'S BEST
CRAFT, an Illinois general partnership; and
H.S. CRAFT MANUFACTURING CO., a
Taiwanese corporation (Republic of China),

          Plaintiffs,

    vs.

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY, a Minnesota
corporation,

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**DOCKETED APR 22 2004**

**RECEIVED APR 16 2004**

**JUDGE ROBERT W. GETTLEMAN UNITED STATES DISTRICT COURT**

CASE NO: 04 C ~~1341~~ 1342

Hon. Robert W. Gettleman

**FILED**

**APR 1 5 2004**

Judge Robert W. Gettleman
United States District Court

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

The Plaintiffs, Santa's Best Craft, LLC, Santa's Best and H.S. Craft Manufacturing (collectively "Santa's), by their undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully move this Court for a partial summary adjudication of Defendant St. Paul Fire and Marine Insurance Company's ("St. Paul") duty to defend Santa's in a suit styled *JLJ, Inc., et al. v. Santa's Best Craft, LLC, et al.*, Case No. C-3-02-00513, pending in the Southern District of Ohio, Western Division, at Dayton ("*JLJ* Action") pursuant to policies of insurance issued to Santa's by St. Paul.  Santa's further seek an adjudication that St. Paul breached its defense obligation by refusing to defend Santa's in the *JLJ* Action from the date of tender of the claim, and that the result of the breach is that St. Paul is estopped from raising coverage defenses.  In support of this Motion, Santa's states as follows:

1.    St. Paul issued Commercial General Liability policies to Santa's effective January 1, 2002 to January 1, 2003, and January 1, 2003 to January 1, 2004, which provide "advertising



injury" coverage for "unauthorized use of the advertising materials, advertising ideas or slogans of others in your advertisements."

2.      The *JLJ* Action alleged Santa's used the advertising ideas, advertising materials and slogans of JLJ in the advertising of its products.

3.      Santa's timely tendered defense of the *JLJ* Action to St. Paul, and St. Paul refused to defend Santa's in the *JLJ* Action.

4.      St. Paul did not defend Santa's under a reservation of rights, nor did St. Paul seek a declaratory judgment on its duty to defend, as required under Illinois coverage decisions.

5.      Santa's has provided sufficient information to St. Paul identifying claims made by JLJ that are potentially covered under the terms of the policies and which are not completely eliminated by application of any exclusions.

6.      Based upon St. Paul's refusal to defend Santa's for the potentially covered claims, St. Paul has breached its insurance contracts with Santa's.  As a result of St. Paul's breach and its failure to comply with Illinois coverage law, it is now estopped from raising any coverage defenses.

7.      St. Paul must reimburse Santa's for defense fees and costs incurred from the date of tender and pay for the ongoing defense of Santa's in the *JLJ* Action.

8.      In further support of this Motion, Santa's submits and incorporates its Memorandum of Law, Local Rule 56.1 Statement, and all Supporting Exhibits, filed contemporaneously herewith.

WHEREFORE, the Plaintiffs, Santa's Best Craft, LLC, Santa's Best and H.S. Craft

Manufacturing (collectively "Santa's"), respectfully move this Court for the entry of an Order:

A.  Granting summary judgment in Santa's favor and against the Defendant St. Paul
Fire and Marine Insurance Company's ("St. Paul") declaring that under policies
of insurance issued by St. Paul to Santa's, St. Paul owes a duty to defend Santa's
in a suit styled *JLJ, Inc., et al. v. Santa's Best Craft, LLC, et al.*, Case No.
C-3-02-00513, pending in the Southern District of Ohio, Western Division, at
Dayton ("*JLJ* Action"); and

B.  Granting summary judgment in Santa's favor and against St. Paul finding that St.
Paul breached its defense obligation by refusing to defend Santa's in the *JLJ*
Action from the date of tender of the claim, and St. Paul is therefore estopped
from raising any coverage defenses.

Dated:  April 15, 2004

SANTA'S BEST CRAFT, LLC, SANTA'S BEST
and H.S. CRAFT MANUFACTURING CO.

By:  _____
One of Their Attorneys

Mitchell Bryan
Gary I. Blackman
LEVENFELD PEARLSTEIN, LLC
Attorneys for Santa's
2 North La Salle Street, Suite 1300
Chicago, IL 60602
Tel:  (312) 346-8380
Fax:  (312) 346-8434

David A. Gauntlett
James A. Lowe
GAUNTLETT & ASSOCIATES
18400 Von Karman, Suite 300
Irvine, CA  92612
Tel:  (949) 553-1010
Fax:  (949) 553-2050

FILED

RECEIVED

APR 2 - 2004

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

SANTA'S BEST CRAFT, LLC, a Delaware )
limited liability company; SANTA'S BEST )
CRAFT, an Illinois general partnership; and )
H.S. CRAFT MANUFACTURING CO., a )
Taiwanese corporate (Republic of China), )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )
                                         )
ST. PAUL FIRE AND MARINE                 )
INSURANCE COMPANY, a Minnesota           )
corporation,                             )
                                         )
            Defendant.                   )

No. 04 C 1342

**JUDGE GETTLEMAN**
**U. S. DISTRICT COURT**

DOCKETED
APR 22 2004

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PURSUANT TO RULE 12(f)

---

Defendant, ST. PAUL FIRE AND MARINE INSURANCE COMPANY ("St. Paul"), by

and through its attorneys, TRESSLER, SODERSTROM, MALONEY & PRIESS, submits its

Motion to Strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and in support

thereof, Defendant states as follows:

### INTRODUCTION

Plaintiffs Santa's Best Craft, LLC, Santa's Best Craft,[1] and H.S. Craft Manufacturing

Company filed their First Amended Complaint For Declaratory Relief and Breach of Contract

(the "Amended Complaint") seeking: (1) a judicial declaration that St. Paul has a contractual

obligation to defend Plaintiffs in the underlying lawsuit styled as *JLJ, Inc., et al. v. Santa's Best

Craft, LLC, et al.*, currently pending in the United States District Court for the Southern District

---

[1] It appears that Sant's Best is incorrectly named in the Amended Complaint. The caption of the Amended
Complaint identifies "Santa's Best Craft, an Illinois General Partnership." However, paragraph 2 of the Amended
Complaint references plaintiff "Santa's Best," which it identifies as a general partnership under the laws of the State
of Illinois.

1

of Ohio, Dayton Division, Case No. C-3-02-00513 (the "underlying action") under policy of insurance No. CK01204882 providing Commercial General Liability Coverage and Umbrella Excess Liability Coverage for the policy period of January 1, 2002 through January 1, 2003, which St. Paul issued to Santa's Best (the "St. Paul policy"); (2) a judicial declaration that St. Paul has a contractual obligation under the St. Paul policy to accept a reasonable settlement demand in the underlying action within the policy limits of the St. Paul policy; and (3) a finding that St. Paul breached its contractual obligations under its policy. The First Cause of Action is for "declaratory judgment re duty to defend and settle." The Second Cause of Action is for "breach of contract – duty to defend."

Plaintiffs' Amended Complaint fails to comport with the requirements of Rule 8 of the Federal Rules of Civil Procedure in several respects, any of which on its own would justify striking the Amended Complaint in its entirety. As drafted, it fails to comply with the pleading standard set forth in Rule 8 both in its form and its content.

First, the Amended Complaint reads more like a summary judgment brief than a complaint under the "short and plain statement" standard espoused in Rule 8, complete with arguments, legal conclusions, and vague reference to legal authority.

Secondly, the content of the Amended Complaint is vague, confusing, redundant, and prolix. Plaintiffs purport to seek a declaratory judgment concerning St. Paul's obligations under its policy. However, the Amended Complaint argues coverage under the "advertising injury" liability coverage of the primary and umbrella coverages of St. Paul's policy based upon a claimed "three-part test" to determine the applicability of the advertising injury coverage which has no basis in, and is not found in, St. Paul's policy.

Not only does the Amended Complaint attribute provisions to the St. Paul policy which are not found therein, at times it misquotes the very policy upon which Plaintiffs are bringing suit and claims coverage, in part, based upon an "advertising injury" other than those enumerated in the policy.

Consequently, the Amended Complaint, and the averments contained therein, are neither short and plain statements of Plaintiffs' claims nor simple, concise and direct, as is required under Rule 8. Furthermore, to allow the Amended Complaint to stand would cause prejudice to St. Paul and unnecessarily complicate this action. Therefore, the Amended Complaint should be stricken in its entirety.

The above notwithstanding, even were the Court to deny the present motion to strike the Amended Complaint in its entirety, Plaintiffs' request for damages pursuant to 215 ILCS 5/155 (*i.e.*, Section 155 of the Illinois Insurance Code) in the Prayer for Relief should be stricken, with prejudice, as the Amended Complaint itself clearly demonstrates the existence of a *bona fide* dispute concerning St. Paul's obligations under the policy, which precludes recovery under Section 155.

## ARGUMENT

I. **THIS COURT SHOULD STRIKE THE AMENDED COMPLAINT IN ITS ENTIRETY BECAUSE IT VIOLATES THE LETTER AND THE SPIRIT OF THE PLEADING REQUIREMENTS UNDER RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

A. **Standards for Motions to Strike**

Rule 12(f) states, in pertinent part, that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous material." *See* Fed.R.Civ.P. 12(f). In ruling on a Rule 12(f) motion, federal courts have considerable discretion. *See Nationwide Ins. Co. v. Central Missouri Electric Coop., Inc.*, 278 F.3d 742 (8th Cir. 2001).

3

A motion to strike "should be granted if it 'may have the effect of making the trial of the action less complicated, or [it] may have the effect of otherwise streamlining the ultimate resolution of the action.'" *U.S. v. Dico, Inc.*, 189 F.R.D. 536 (S.D. Iowa 1999) (quoting *Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1442 (W.D. Mich. 1989)).

## B. The "Short and Plain Statement" Requirement of Fed.R.Civ.P. 8

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Similarly, Rule 8(e) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." Rule 8(e)(1) supplements Rule 8(a). Taken together, these rules underscore the emphasis placed on clarity and brevity by the federal pleading rules. *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (quoting Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1217, at 169 (1990 & Supp. 1999)).

The Seventh Circuit and other federal courts have held that claims for relief that are confusing, redundant, prolix, or unnecessarily long do not comply with the pleading requirements of Rule 8. *See Viacom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994); *Hardin v. American Electric Power*, 188 F.R.D. 509, 510-11 (S.D. Ind. 1999); *see also* Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1217, at 169-72 ("The requirements of a short and plain statement of a claim and simple, concise, and direct averments have been held to be violated by needlessly long, repetitious, or confused complaints.") (footnotes omitted). In addition, this Court has found that complaints that are argumentative and contain evidence, theories and speculation to be in violation of Rule 8. *See, e.g., Mutuelle Generale Fancaise Vie v. Life Assurance Co. of Penn.*, 688 F. Supp. 386, 391 (N.D. Ill. 1988) (striking a complaint containing "evidence, theories and speculation about the

events at issue . . . that belong[ed] (if anywhere) in an argumentative brief and not a complaint"). A complaint that violates Rule 8's "short and plain statement" mandate "makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Viacom*, 20 F.3d at 775-76.

### C. The Amended Complaint Violates the Mandate of Rule 8 and Should be Dismissed Pursuant to Rule 12(f).

If a complaint violates Rule 8(a)(2) and 8(e)(1) the Court has the power to strike the entire pleading. *See, e.g., Viacom*, 20 F.3d at 775 (it is within the power of the district court to dismiss a complaint that violated the letter and spirit of Rule 8(a)); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (affirming dismissal of complaint with prejudice for failing to comply with Rule 8); *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993) (noting district court's power to dismiss a case for failing to comply with Rule 8); *Nagel v. ADM Investor Servs., Inc.*, 995 F. Supp. 837, 846 (N.D. Ill. 1998) (dismissing case for violating Rule 8); *see also* Wright & Miller, § 1281, at 522.

The Amended Complaint fails to comply with the requirements of Rule 8 in both form and content to the prejudice of St. Paul. Therefore, it should be stricken.

### 1. The form of the Amended Complaint does not comport with the "short and plain statement" standard espoused by Rule 8.

The Amended Complaint reads more like a summary judgment than a complaint under the "short and plain statement" standard espoused in Rule 8, complete with arguments, legal conclusions, and vague reference to legal authority. As such, it goes far beyond simply setting forth the bases for Plaintiffs' two claims for relief. Instead, it argues those claims in a pleading nearly 100 paragraphs long.

5

Even a cursory review of the pleading reveals the argumentative nature of the Amended Complaint. It contains multiple headings similar to those would one would except to find in an argumentative brief including, but not limited to:

THE ALLEGATIONS ASSERTED IN THE *JLJ* ACTION MEET EACH OF THE ELEMENTS OF THE THREE-PART TEST FOR "ADVERTISING INJURY" COVERAGE UNDER ST. PAUL'S PRIMARY AND UMBRELLA POLICIES
\* \* \*
ELEMENT TWO OF THE THREE-PART TEST IS MET BECAUSE THE *JLJ* ACTION ALLEGES CONDUCT FALLING WITHIN EXPRESSLY ENUMERATED "ADVERTISING INJURY" OFFENSES CONTAINED IN ST. PAUL'S POLICIES
\* \* \*
ELEMENTS ONE AND THREE OF THE THREE-PART "ADVERTISING INJURY" TEST ARE SATISFIED BECAUSE *JLJ'S* COMPLAINT ALLEGES WRONGFUL CONDUCT "IN THE COURSE OF ADVERTISING"
\* \* \*
ST. PAUL'S INTELLECTUAL PROPERTY EXCLUSION CANNOT BAR A DEFENSE FOR THE ASSERTED CLAIMS REFERENCED ABOVE
\* \* \*
THE MATERIAL PREVIOUSLY MADE KNOWN EXCLUSION IS INAPPLICABLE
\* \* \*

Under the above headings Plaintiffs proceed to argue in detail what Plaintiffs (incorrectly) assert are each of the elements of the "advertising injury" coverage of the St. Paul policy, taking each in turn. In doing so, the Amended Complaint in several instances asserts unsupported legal conclusions such as in paragraph 42 where it contains allegations purporting to represent a "reasonable layperson's understanding of the generic offense of 'disparagement'" *See* Amend. Compl. at par. 41. It also advocates the application of the "common dictionary definition" of the term disparagement (notably without citation to any dictionary) and represents what "most courts have found" the term disparage to mean (again, without citation). *See* Amend. Compl. at par. 42.

The Amended Complaint does not stop at arguing coverage under the (incorrectly identified) elements of the "advertising injury" coverage under St. Paul's policy, it goes on to affirmatively argue the inapplicability of several exclusions in St. Paul's policy. This type of argument has no place in Plaintiffs' complaint.

6

Courts, including this Court, have found complaints crafted in a manner more appropriate for an argumentative brief to be in violation of Rule 8 and properly stricken in their entirety pursuant to Rule 12(f). *See, e.g., Mutuelle Generale Fancaise Vie v. Life Assurance Co. of Penn.*, 688 F. Supp. 386, 391 (N.D. Ill. 1988). In *Mutuelle Generala Fancaise*, the plaintiff averred 162 substantive paragraphs in 42 pages within which was "evidence, theories and speculation about the event in issue . . . that belong (if anywhere) in an argumentative brief and not a complaint." 688 F. Supp. at 391. The court found that this type of pleading would make it difficult to answer from the defendant's perspective and struck the entire complaint. Similar to the complaint at issue in *Mutuelle Generala Fancaise*, Plaintiffs' uses their amended complaint as both pleading and argumentative brief. Accordingly, the Amended Complaint should be stricken in its entirety as was the complaint in *Mutuelle Generala Fancaise*.

> ## 2. The content of the Amended Complaint is vague, confusing, redundant, and prolix and, therefore, does not comport with Rule 8.

Not only does the Amended Complaint misrepresent the provisions of the St. Paul policy, it references obligations and argues coverage under claimed elements of the advertising injury coverage which are not contained anywhere in the policy. Therefore, separate and apart from the issues concerning the form of the Amended Complaint discussed above, the content of that pleading is vague, confusing, redundant, and prolix. Consequently, the Amended Complaint, and the averments contained therein, are neither short and plain statements of Plaintiffs' claims nor simple, concise and direct, as is required under Rule 8. *See Viacom*, 20 F.3d at 775-76 (claims that are confusing, redundant, prolix, or unnecessarily long do not comply with the pleading requirements of Rule 8).

As an initial matter, Plaintiffs' Amended Complaint and the claims therein attribute language to the St. Paul policy which is not actually contained therein and are, therefore, vague

and confusing. While Plaintiffs' claims are premised upon their contention that St. Paul owes certain obligations under the terms of its policy, the Amended Complaint confusingly appears to claim coverage, in part, under the "advertising injury" offense of "infringement of another's slogan in your 'advertisement,'" which is not contained in the definition of "advertising injury," nor anywhere else, in St. Paul's policy.[2] *See* Amend. Compl. at par. 33. In this regard, we direct the Court's attention to paragraph 18 of the Amended Complaint reciting, in part, certain provisions of the St. Paul policy as well as Exhibits 1 and 2 of the Amended Complaint.

In addition to being vague and confusing, the Amended Complaint is prolix and redundant insofar as nearly half of the Amended Complaint (a full 12 of the 28 pages) is devoted to arguing at great length that the "allegations asserted in the *JLJ* action meet each of the elements of the three-part test for 'advertising injury' coverage under St. Paul's primary and umbrella policies." However, there is no factual basis for Plaintiffs' assertions in this regard.

St. Paul's policy does not contain the coverage forms prepared by the Insurance Services Organization ("ISO"), which are found in many similar liability policies. Typically, the advertising injury liability coverage contained in the ISO forms is analyzed under a "three-part test" similar to the one Plaintiffs' attempt to ascribe to the advertising injury coverage of St. Paul's primary and umbrella coverages. However, the language and provisions of St. Paul's policy differs in many significant respects from the language found in the coverage forms prepared by ISO. The "three-part test" to which Plaintiffs refer is not applicable to the

---

[2] Paragraph 33 of the Amended Complaint states, in part:

> 33.  . . . The above-referenced phrases are alleged by JLJ to be close enough to cause confusion among consumers as to the proper source of goods. No clearer fact allegations could exist that meet the "infringement of another's slogan in your 'advertisement'" offense in St. Paul's policy.

advertising injury coverage under St. Paul's policy; nor is it even contained in the St. Paul policy. *See* Amend. Compl., Exhibits 1 and 2.

By way of example of the confusing and prolix content of the Amended Complaint, Plaintiffs devote two and a half pages to "arguing" (in contravention of Rule 8, see above) "elements one and three of the three-part 'advertising injury' test are satisfied because JLJ's complaint alleges wrongful conduct 'in the course of advertising.'" *See* Amend. Comp., pages 18-20. Plaintiffs apparently contend that the insuring agreement under the "advertising liability" coverage of St. Paul's policy contains a provision requiring that certain wrongful conduct take place "in the course of advertising." *See* Amend. Compl. at par. 29. However, neither the primary nor umbrella liability coverage forms of the St. Paul policy use that language.[3] Those portions of the Amended Complaint devoted to that proposition are irrelevant and immaterial to the issues in this action.

### 3. St. Paul is prejudiced by the averments in the Amended Complaint.

As explained above, the averments of the Amended Complaint concern provisions and/or purported elements of "advertising injury" coverage which are entirely absent from the St. Paul policy and, therefore, and are irrelevant and immaterial to the instant dispute and not in accordance with the pleading standards of Rule 8. St. Paul would be prejudiced by these averments if it were required to respond to them.

This Court has explained that prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party. *See Hoffman-Dombrowski v. Arlington Int'l Reacecourse, Inc.,* 11 F. Supp.2d

---

[3] Instead, the advertising injury coverage of the primary and umbrella parts of the St. Paul policy provide coverage, in part, for "covered advertising injury that: results from the advertising of your products, your work, or your completed work; . . ." *See* Exhibit 1 of Amend. Compl., "What This Agreement Coverages" at page 4; Exhibit 2 of Amend. Compl., "What This Agreement Coverages" at page 4. There is a significant difference between this requirement and the "in the course of advertising" requirement Plaintiffs' attempt to scribe to the St. Paul policy.

1006, 1009 (N.D. Ill. 1998); *see also Hardin*, 188 F.R.D. at 511. Here, the averments of the Amended Complaint confuse the issue of St. Paul's obligations under its policies insofar as it cites to provisions not found in the policy and argues the applicability of an immaterial and irrelevant "three-part test" not found in, and having not relationship to, the primary and umbrella coverages of St. Paul's policy.

Further, the Amended Complaint is also so lengthy and complex that it places an undue burden on St. Paul in responding to the allegations therein. First, St. Paul would be forced to expend time and effort in responding to almost 100 averments, nearly half of which have no materiality to the issue of coverage under St. Paul's policy and no relation to that policy. Second, in its responsive pleading St. Paul would be forced to respond to something more akin to a summary judgment motion than a simple statement of Plaintiffs' claims for relief. Requiring St. Paul to respond to what is essentially an argumentative brief is premature at this early stage of the litigation.

For all of the reasons identified above, Plaintiffs' Amended Complaint violates the letter and spirit of Rule 8 both in form and in content. It fails to even come close to providing the "short and plain statement of the claims showing that the pleader is entitled to relief" that is contemplated by Rule 8. Further, the irrelevant and immaterial allegations unnecessarily complicate the Amended Complaint and prejudice St. Paul. Therefore, the Amended Complaint should be stricken in its entirety.[4]

---

[4] Due to the pervasive nature of the complaint's inaccuracies and argumentative statements, it would consume an inordinate amount of the Court's resources to sift through it in an effort to glean the relevant portions. It would be unreasonable to require this Court to sort through all of the allegations and restructure the pleading such that it would states a valid claim for relief.

However, should this Court decline to strike the Amended Complaint in its entirety, at a minimum paragraphs 29 through 69 should be stricken as immaterial and redundant. *See Magnavox Co. v. APF Electronics, Inc.*, 496 F. Supp. 29 (N.D. Ill. 1980) (a motion to strike is appropriate where the material at issue has no bearing on the issue in dispute); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (a motion to strike "removes

## II. PLAINTIFFS' REQUEST FOR DAMAGES PURSUANT TO 215 ILCS 5/155 SHOULD BE STRICKEN FROM THE AMENDED COMPLAINT BECAUSE THERE EXISTS A *BONA FIDE* DISPUTE CONCERNING COVERAGE UNDER ST. PAUL'S POLICY.

The Amended Complaint does not state a cause of action for damages under Section 155 of the Illinois Insurance Code (215 ILCS 5/155). However, its Prayer for Relief requests attorneys' fees incurred in the present suit against St. Paul, penalties, interest, and other damages pursuant to applicable Illinois law, including 215 ILCS 5/155. Should this Court choose not to strike the Amended Complaint, Plaintiffs' request for damages pursuant to Section 155 should be stricken with prejudice because of the existence of a *bona fide* dispute concerning coverage for the underlying action under St. Paul's policy is plead in Plaintiffs' action and is indisputably demonstrated by the exhibits to the complaint, specifically Exhibits 6 and 8.

To state a claim for relief under Section 155 of the Illinois Insurance Code, an insurer's denial of coverage must be accompanied by "outrageous conduct" which fits the statutory terms of "vexatious" and "unreasonable." *Perzy v. Intercargo Corporation*, 827 F.Supp. 1365, 1377 (N.D. Ill. 1993) (citing with approval the Illinois decision of *Emerson v. American Bankers Insurance Company of Florida*, 223 Ill.App.3d 929, 585 N.E.2d 1315 (5th Dist. 1992)).[5] Where there is a *bona fide* dispute regarding coverage, however, a mere denial of coverage by an insurer does not warrant the imposition of damages under the Insurance Code. *See Mobil Oil Corp. v. Maryland Cas. Co. of America*, 288 Ill.App.3d 743, 681 N.E.2d 552 (1st Dist. 1997).

Based upon Plaintiff's Amended Complaint in this case, one could only draw the conclusion that a *bona fide* dispute regarding coverage exists. Paragraphs 70 through 88

---

unnecessary clutter from the case, [it] serve[s] to expedite, not delay"). It cannot be more clear that the references to language and requirements (*i.e.*, the purported "three-part test") not found in St. Paul's policy contained in the Plaintiffs' Amended Complaint has no relationship whatsoever to the Plaintiffs' claims for relief.

[5] In *Perzy*, the court ruled in favor of a defendant-insurer based upon the plaintiff's failure to show that the insurer's denial of his claim was anything other than a *bona fide* dispute concerning coverage. *Id.* at 1378.

chronicles Santa's Best's notice of a potential claim to St. Paul and St. Paul's denial of coverage for same. It further describes Santa's Best's tender of coverage based upon the original complaint subsequently filed in the underlying action and St. Paul's consideration of the pleading submitted and its position concerning its obligations under its policy for the underlying action.

The conduct alleged by the Plaintiffs is the denial of a claim for coverage based on a *bona fide* dispute between the Santa's Best and St. Paul as to the scope of coverage under the St. Paul policy. Further, the Amended Complaint attached as exhibits two letters from St. Paul to Santa's Best unequivocally evidencing the *bona fide* dispute over coverage (Exhibits 6 and 8). *See Goldman v. Belden*, 754 F.2d 1059, 1065-66 (2d Cir. 1985) (a complaint is deemed to include any document attached to it as an exhibit or any document incorporated in it by reference). While a denial of coverage under its policy, St. Paul's conduct as alleged cannot, as a matter of law, be determined "unreasonable" or "vexatious" as required by the Insurance Code. An insurer's declination based upon a coverage question simply does not state a claim or warrant the imposition of damages under Section 155 of the Illinois Insurance Code. *Brotherhood Mutual Insurance v. Roseth* , 177 Ill.App.3d 443, 532 N.E.2d 354, 360 (1st Dist. 1988).

Plaintiffs' assertion that St. Paul's denial of coverage was vexatious and unreasonable, without more, is legally insufficient to state a cause of action under Section 155 of the Insurance Code. *Scudella v. Illinois Farmers Ins. Co.*, 174 Ill.App.3d 245, 528 N.E.2d 218 (1st Dist. 1988). As such, Plaintiffs' request for attorneys' fees incurred in the present suit against St. Paul, penalties, interest, and other damages pursuant to 215 ILCS 5/155 should be stricken, with prejudice, from the Amended Complaint.

WHEREFORE, Defendant, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, respectfully requests that this Honorable Court enter an order striking Plaintiffs'

First Amended Complaint For Declaratory Relief and Breach of Contract in its entirety and additionally striking, with prejudice, Plaintiffs' request for relief pursuant to 215 ILCS 5/155, and for such other and further relief that this Honorable Court deems appropriate.

Respectfully submitted,

ST. PAUL FIRE AND MARINE INSURANCE COMPANY

By: _Jason M. Croft_
One of its Attorneys

Shaun McParland Baldwin
D.J. Sartorio
Jason M. Craft
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois         60606-6308
(312) 627-4000

13