## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

SANTA'S BEST CRAFT, LLC, a Delaware )
limited liability company; SANTA'S BEST )
CRAFT, an Illinois general partnership; and )
H.S. CRAFT MANUFACTURING CO., a )
Taiwanese corporation (Republic of China), )
                                     )
                  Plaintiffs, )    CASE NO.: 04 C ~~1341~~
                                       )               1342
        vs. )
                                       )
ST. PAUL FIRE AND MARINE INSURANCE )    **Hon. Robert W. Gettleman**
COMPANY, a Minnesota corporation, )
                                       )
                  Defendant. )
                                       )
_____ )

**FILED**
APR 15 2004
Judge Robert W. Gettleman
United States District Court

**DOCKETED**
APR 22 2004

### NOTICE OF FILING

     To:  See Service List Attached

     PLEASE TAKE NOTICE that on the 15th day of April, 2004, we caused to be filed with the Clerk of Court, PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, a copy of which is attached hereto and herewith served upon you.


Dated: April 15, 2004          SANTA'S BEST CRAFT, LLC, SANTA'S BEST
                                     and H.S. CRAFT MANUFACTURING CO.

                                     By: _____
                                         One of Their Attorneys

Mitchell Bryan
Gary I. Blackman
LEVENFELD PEARLSTEIN
Attorneys for Plaintiffs
2 North La Salle Street, Suite 1300
Chicago, IL 60602
Tel:  (312) 346-8380
Fax: (312) 346-8434
H:\51900\51913\NOF 4-15-04

STATE OF ILINOIS )
                 ) SS.
COUNTY OF COOK   )

## CERTIFICATE OF SERVICE

Sandy Brown, a non-attorney, being first duly sworn on oath, deposes and states that she served the foregoing **Notice of Filing and Plaintiffs' Separate Statement of Undisputed Facts in Support of Plaintiffs' Motion for Partial Summary Judgment,** true and correct copies hand delivered via messenger from 2 North LaSalle Street, Chicago, Illinois, 60602, before 5:00 p.m., this 15th day of April, 2004, to the person(s) listed on the Service List attached.


_____
Sandy Brown

Subscribed and sworn to before me
this 15th day of April, 2004

_____
Notary Public

OFFICIAL SEAL
**RENE WILLIAMSON**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-12-2004

## SERVICE LIST

Shaun McParland Baldwin
D.J. Sartorio
Jason M. Craft
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, Illinois 60606

FILED

APR 15 2004

Judge Robert W. Gettleman
United States District Court

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

SANTA'S BEST CRAFT, LLC, a Delaware
limited liability company; SANTA'S BEST
CRAFT, an Illinois general partnership; and
H.S. CRAFT MANUFACTURING CO., a
Taiwanese corporation (Republic of China),

      Plaintiffs,

    vs.

ST. PAUL FIRE AND MARINE INSURANCE
COMPANY, a Minnesota corporation,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO.: 04 C 1342**

**SEPARATE STATEMENT OF
UNDISPUTED FACTS IN SUPPORT OF
PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT**

DOCKETED

APR 22 2004

| | UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | Plaintiff Santa's Best Craft, LLC ("SBC") is a limited liability company organized under the laws of the state of Delaware with its principal place of business in Northfield, Illinois. All of the members of SBC are citizens or residents of Illinois, Wisconsin, Florida, Delaware, and Taiwan. | Declaration of Barry Hausauer ("Hausauer Decl.") ¶ 4. |
| 2. | Plaintiff Santa's Best is a general partnership existing under the laws of the state of Illinois with its principal place of business in Northfield, Illinois. Santa's Best is one of the principal members of Santa's Best Craft. All of the partners of Santa's Best are citizens or residents of Illinois, Wisconsin, Florida and Delaware. | Hausauer Decl. ¶ 3. |
| 3. | Plaintiff H.S. Craft Manufacturing Company (hereinafter "H.S. Craft") is a corporation organized under the laws of Taiwan, (Republic of China) with its principal place of business in Taipei, Taiwan, Republic of China. H.S. Craft is the only other principal member of Santa's Best Craft. | Hausauer Decl. ¶ 5. |
| 4. | Plaintiffs are in the business of, among other things, manufacturing and distributing seasonal decorative lighting products. | Hausauer Decl. ¶ 6. |
| 5. | One line of products Santa's Best manufactures | Hausauer Decl. ¶ 7. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| and distributes is strings of miniature Christmas lights which are advertised to have a new patented technology which allows the strand to stay lit even if a bulb is loose. Plaintiffs' Christmas lights are sold under the trademarked name of "Stay-On." | |
| 6. Santa's conducts a variety of marketing activities to promote, advertise and sell their products, including the products bearing the "Stay-On" mark. Santa's maintained a showroom at their Illinois headquarters where they displayed products (including accused packaging), providing visual demonstrations of their "Stay-On" lighting products and interact with customers. Santa's advertising activities include attendance at trade fairs and trade shows in the fall of 2002, following the 2002 release of its final product and packaging after receiving Underwriters Laboratories' approval. | Hausauer Decl. ¶ 8, Exhibits "5." |
| 7. Defendant St. Paul Fire & Marine Insurance Company (hereinafter "St. Paul"), a Minnesota corporation with its principal place of business in St. Paul, Minnesota, issued primary Commercial General Liability Policies to Plaintiff providing insurance coverage from January 1, 2002 through January 1, 2004. Policy No. CK01204882 was in | Hausauer Decl. ¶ 9; Exhibits "1" and "2." |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| effect January 1, 2002 through January 1, 2003. St. Paul renewed this coverage without change effective January 1, 2003 through January 1, 2004, Policy No. CK0205353. The St. Paul CGL policies provide coverage with policy limits of $1 million for advertising injury. | |
| 8. The St. Paul Policies Nos. CK01204882 and CK01205353 include the following pertinent provisions: <br><br> **Right and Duty to Defend a Protected Person.** <br> **We'll have the right and duty to defend any protected person against a claim or suit for injury or damage covered by this agreement. We'll have such right and duty even if all of the allegations of the claim or suit are groundless, false or fraudulent.** | Hausauer Decl. ¶ 10; Exhibits "1" and "2." |
| 9. St. Paul Policies Nos. CK01204882 and CK01205353 include the following relevant "advertising injury" provisions: <br><br> **Advertising injury liability.** We'll pay amounts any protected person is legally required to pay as damages for covered advertising injury that: <br><br> • results from the advertising of your products, your work, or your completed work; and <br> • is caused by an advertising injury offense committed while this agreement is in effect. <br> . . . . <br> ***Advertising injury*** means injury, other than bodily injury or personal injury, that's caused by an advertising injury offense. <br><br> ***Advertising injury offense*** means any of the following offenses: | Hausauer Decl. ¶ 11; Exhibits "1" and "2." |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| <ul><li>Libel, or slander, in or with covered material.</li><li>Making known to any person or organization covered material that disparages the business, premises, products, services, work, or completed work of others.</li></ul> . . . . <ul><li>Unauthorized use of any advertising idea or advertising material, or any slogan or title, of others in your advertising.</li></ul> *Advertising* means attracting the attention of others by any means for the purpose of: <ul><li>seeking customers or supporters; or</li><li>increasing sales or business.</li></ul> *Advertising idea* means a manner or style of advertising that others use and intend to attract attention in their advertising. *Advertising Material* means any covered material that: <ul><li>is subject to copyright law; and</li><li>others use and intend to attract attention in their advertising.</li></ul> . . . . *Covered material* means any material in any form of expression, including material made known in or with any electronic means of communication, such as the Internet. . . . . *Slogan* means a phrase that others use and intend to attract attention in their advertising. But we won't consider slogan to include a phrase used as, or in, the name of: <ul><li>any person or organization, other than you; or</li><li>any business, or any of the premises, products, services, work, or completed work, of any person or organization, other than you.</li></ul> | |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| . . . .<br>**Intellectual property.** We won't cover injury or damage or medical expenses that result from any actual or alleged infringement or violation of any of the following rights or laws:<br><br>• Copyright.<br>• Patent.<br>• Trade dress.<br>• Trade name.<br>• Trade secret.<br>• Trademark.<br>• Other intellectual property rights or laws.<br>. . . .<br>• Nor will we apply this exclusion to advertising injury that results from the unauthorized use of any:<br>. . . .<br>• copyrighted advertising material.<br>• trademarked slogan; . . .<br>. . . .<br>• of others in your advertising.<br>. . . .<br>**Material previously made known or used.** We won't cover personal injury or advertising injury that results from:<br><br>• any material that was first made known before this agreement begins; or<br>• any advertising idea or advertising material, or any slogan or title, of others, whose unauthorized use in your advertising was first committed before this agreement begins. | |
| 10. | JLJ, Inc. and Inliten, LLC are companies who are in the business of, among other things, of manufacturing and distributing seasonal decorative lighting products. JLJ, Inc. and Inliten, LLC (hereinafter collectively "JLJ") are the manufacturers and distributors of "STAY LIT" miniature Christmas lights. | Hausauer Decl. ¶ 12. |

| | UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| 11. | Plaintiffs and JLJ are competitors in the seasonal decorative lighting market. Plaintiffs' "Stay-On" products compete directly with JLJ's "STAY LIT" products. | Hausauer Decl. ¶ 13. |
| 12. | On or about August 7, 2002, SBC received a cease and desist letter from JLJ claiming that SBC had been engaging in infringing activities via its advertisement for the sale of seasonal decorative lighting products which JLJ claimed constituted trade dress infringement, as well as the violation of unfair competition laws. | Hausauer Decl. ¶ 14; **Exhibit "7."** |
| 13. | On or about August 7, 2002, Santa's Best Craft tendered JLJ's cease and desist letter to St. Paul. | Hausauer Decl. ¶ 15. |
| 14. | On October 23, 2002, St. Paul acknowledged receipt of the material submitted by Santa's Best regarding JLJ's claims. However, St. Paul denied coverage for the matter stating that the phrase "STAY LIT" was not a slogan because it was not a JLJ phrase, that it was the name of a product or organization other than SBC, and that the "potentially covered claim falls squarely within the intellectual property exclusion ... it appears that any potential advertising offense began prior to inception of the St. Paul Policy and would be precluded by the Material previously made known | Hausauer Decl. ¶ 16; **Exhibit "8."** |

| | UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| | exclusion." | |
| 15. | St. Paul's October 23, 2002 correspondence acknowledged that SBC's "packaging and copy were finalized in May 2002" and that there was insufficient information to determine when SPC's alleged wrongful advertising begun. | Hausauer Decl. ¶ 16, 17; **Exhibit "8."** |
| 16. | On November 5, 2002, JLJ filed suit against Santa's Best Craft, LLC in the Federal District Court for the Southern District of Ohio, Western Division, at Dayton, in a suit styled *JLJ, Inc. et al. v. Santa's Best Craft, LLC,* Case No. C-3-02-00513. | Hausauer Decl. ¶ 18; Declaration of Mitchell Bryan ("Bryan Decl.") ¶ 2; **Exhibit "3."** |
| 17. | JLJ's Complaint seeks injunctive relief and damages against Santa Best Craft for allegedly engaging in infringing activities via its advertisement for the sale of seasonal decorative lighting products, asserting claims labeled "trademark infringement," "trademark dilution," and "false advertising." The fact allegations include claims of wrongful use of JLJ's slogans, advertising ideas and advertising materials associated with its STAY LIT products in 2002 and 2003. | Bryan Decl. ¶ 3; **Exhibit "3."** |
| 18. | The Complaint includes allegations of Santa's' allegedly wrongful conduct in its advertising and | Bryan Decl. ¶ 4; **Exhibit "3."** |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|

| | marketing of its "Stay-On" products. For example: | |
|---|---|---|
| | ¶ 120.  Santa's Best's use of the confusingly similar "Stay-On" mark in its advertising and on its merchandise, as described above, is a false designation of origin and is likely to cause confusion and mistaken to deceive potential consumers and the public as to the source, origin, or sponsorship of the "Stay-On" merchandise. | |
| | ¶ 127.  Santa's Best, as described above, misrepresented, and continues to misrepresent, the nature, characteristics, and qualities of its "Stay-On" products in its commercial advertising and promotion. | |
| | ¶ 138.  Santa's Best's use of the confusingly similar "Stay-On" mark in its advertisements and on unlicensed merchandise, as described above, is a deceptive trade practice that is likely to causes confusion and mistaken to deceive potential consumers and the public as to the source, origin, or sponsorship of Santa's Best merchandise. | |
| 19. | The Complaint contains the following pertinent allegations: | Bryan Decl. ¶ 5; **Exhibit "3."** |
| | 39.   In 2002, after several years of watching Inliten successfully market the STAY LIT brand as a high quality light set, Santa's Best began to market a new product, which it designated the "Stay-On" light set. | |
| | 65.   Santa's Best has marketed "Stay-On" sets in such a way that, by trading on the goodwill associated with STAY LIT's name and trade dress, Santa's Best can confuse consumers in to believing that "Stay-On" sets accomplish the same thing as STAY-LIT sets at a cheaper price. | |
| | . . . . | |
| | 67.   There are numerous parallels between STAY LIT's trademarks and trade dress and the marketing of "Stay-On" sets that point to a self-evidently deliberate attempt by Santa's Best to trade | |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| off the goodwill associated with STAY LIT and confuse the public.<br>. . . .<br>71. From the beginning, STAY LIT sets have been sold in a unique and inherently distinctive packaging, featuring a dark blue box with generally white lettering and yellow and red highlights, and a clear plastic window to view the bulbs, and prominently displaying the STAY LIT name.<br><br>72. "Stay-On" packages have all incorporated these elements in a way that is likely to confuse the public. "Stay-On" packages are all dark blue with generally white lettering and yellow and red highlights, and a clear plastic window to view the bulbs, and they prominently display the confusingly similar "Stay-On" name. (Compare Exhibits P through U with Exhibits V and W.) | |
| 20. | The Complaint contains allegations "slogans" as follows:<br><br>77. Santa's Best's "Stay-On" mark appears to derive directly from that phrase that appears on STAY LIT boxes.<br><br>78. Furthermore, from 1998 through 2001, all STAY LIT's packages were printed with the **slogan** "String Stays Lit even if a bulb is loose or missing!" (See Exhibits P through S.)<br><br>79. The early "Stay-On" box was printed with the **slogan**: "Set Stays Lit . . . even if a bulb is loose or MISSING." (Emphasis and ellipsis original.) This **slogan**, again, is a self-evident sign of deliberate copying by Santa's Best. (See Exhibit V.)<br>. . . .<br>87. All STAY LIT sets of 100 or more bulbs have, since 2001, had the words "worry-free lighting" appearing immediately below the name "STAY LIT." The name and **slogan** appear together in the same configuration on five of the six panels of [*sic*] box. (See | Bryan Decl. ¶ 6; **Exhibit "3."** |

| UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|
| | Exhibits T and U.) | |
| | 88. The most recent "Stay-On" package has now incorporated the phrase "Dependable Lighting!" which appears immediately below the name "Stay-On" in the same configuration on five of the six panels of the box. (See Exhibit W.) . . . . | |
| | 91. The most recent "Stay-On" package also has the **slogans** "New Patented Technology" and "Set Stays On . . . even if a Bulb is Loose." which are **strongly similar to the slogans** on STAY LIT packages. (Compare Exhibits Q through S with Exhibit W.) | |
| 21. | The Complaint contains allegations regarding virtually identical advertising phrases: | Bryan Decl. ¶ 7; **Exhibit "3."** |
| | 76. Furthermore, all STAY LIT Christmas light sets from 1999 to 2001 all had a slogan imprinted on the package that read "Patent-Pending 'Stay-On' feature keeps bulbs lit." This slogan still appears on STAY LIT packages of 50 bulbs. (See Exhibits Q through S.) | |
| | 77. Santa's Best's "Stay-On" mark appears to derive directly from that phrase that appears on STAY LIT boxes. | |
| | 78. Furthermore, from 1998 through 2001 all STAY LIT's Packages were printed with the slogan "String Stay Lit even if bulb is loose or missing!" (See Exhibits P through S) | |
| | 79. The early "Stay-On" boxes imprinted with the slogan: "Set Stays Lit . . . even if a bulb is loose or MISSING." (emphasis and ellipsis original.) This slogan, again, is a self-evident sign of deliberate copying by Santa's Best. (See Exhibit V.) | |
| | 80. From 1999 through 2000, all STAY LIT packages were labeled with the phrase: "New Technology." (See Exhibits P through S.) | |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| The early "Stay-On" box was also printed with the slogan: "New Technology." (See Exhibit V.)<br><br>87. All STAY LIT sets of 100 or more bulbs have, since 2001, had the words "worry-free lighting" appearing immediately below the name "STAY LIT." The name and slogan appear together in the same configuration on 5 of the 6 panels of box. (See Exhibits T and U.)<br><br>88. The most recent "Stay-On" package has now incorporated the phrase "Dependable lighting'" which appears immediately below the name "Stay-On" in the same configuration on 5 of the 6 panels of the box. (See Exhibit W.) | |
| 22. The Prayer for Relief in JLJ's Complaint states *inter alia*, the following:<br><br>    A. Santa's Best be enjoined from:<br>        . . . .<br>        5. Continue to misrepresent the nature, characteristics and quality of their "Stay-On" product as it currently does on the packaging and in the advertising of the "Stay-On" light set.<br><br>    B. Santa's Best be ordered to turn over to Santa's all . . . advertisements . . . or other materials that . . . is likely to cause confusion that such goods are in any way connected with STAY LIT light products. | Bryan Decl. ¶ 8; **Exhibit "3."** |
| 23. The JLJ package meets the definition of "advertising material" contained in the policy which includes "material that is subject to copyright law," and that "others use in intent to attract attention in their advertising." | Bryan Decl. ¶ 9. |
| 24. On or about November 7, 2002, Santa's Best Craft | Hausauer Decl. ¶ 19; **Exhibit "9."** |

| UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|
| | tendered JLJ's lawsuit to St. Paul and requested St. Paul assume its insuring obligations, including the defense of the litigation. | |
| 25. | On December 23, 2002, St. Paul essentially reissued its previous denial letter and again denied coverage to Santa's Best Craft for JLJ's claims, stating that the allegations and claims in the Complaint were consistent with those threatened by JLJ in its pre-suit correspondence and, thus, from its coverage standpoint, the basis for its denial of coverage in its October 23, 2002 correspondence was equally applicable to the allegations in the Complaint.<br><br>    St. Paul asserted that "[g]iven the absence of coverage under the insuring agreement and Intellectual Property exclusion, there is no need at this time to investigate further . . ." St. Paul requested no additional information including on the progress of the underlying case. | Hausauer Decl. ¶ 20; **Exhibit "6."** |
| 26. | On September 16, 2003, the Court granted JLJ leave to file an Amended Complaint to name as additional defendants Santa's Best, H.S. Craft and Monogram Licensing Inc., SBC's trademark licensor. The Amended Complaint (hereinafter the "JLJ Action") was filed September 19, 2003. | Bryan Decl. ¶ 10; **Exhibit "4."** |

| | UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| 27. | Except for the addition of defendants Santa's Best H.S. Craft and Monogram Licensing, Inc., the material allegations of the Amended verified Complaint regarding Santa's Best Craft re the same as those of the original Complaint, including allegations of Plaintiff's wrongful conduct in its advertising and marketing of seasonal lighting on 2002 and arguably 2003. | Bryan Decl. ¶ 11; **Exhibit "4."** |
| 28. | The Amended Complaint includes allegations of Santa's' allegedly wrongful conduct in its advertising and marketing of its "Stay-On" products. For example:

78. Furthermore, all STAY LIT Christmas light sets from 1999 to 2001 all had a slogan imprinted on the package that read "Patent-pending 'Stay-on' feature keep bulbs lit." This slogan still appears on STAY LIT packages of fifty bulbs. (See Exhibits Q through S).

79. The "Stay-On" mark appears to derive directly from that phrase that appears on STAY LIT boxes.

80. Furthermore, from 1998 through 2001, all STAY LIT's packages were printed with the slogan "String Stays Lit even if a bulb is loose or missing!" (See Exhibits P through S.)

81. The early "Stay-On" box was printed with the slogan: "Set Stays Lit . . . even if a bulb is loose or MISSING." (Emphasis and ellipsis original.) This slogan, again, is a self-evident sign of deliberate copying by the SBC Defendants. (See Exhibit V.)

82. From 1999 to 2000, all STAY LIT packages were labeled with the phrase: | Bryan Decl. ¶ 12; **Exhibit "4."** |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| "New Technology." (See Exhibits P through S.) | |
| 83. The early "Stay-On" box was also printed with the slogan: "New Technology." (See Exhibit V.) | |
| 84. When combined with the use of the deliberately similar word mark, "Stay-On," the Defendants' first trade dress was similar to the STAY LIT trade dress on nearly every particular, signifying a design on the SBC Defendants' part to misappropriate goodwill that was associated with STAY LIT light sets. | |
| 85. The SBC Defendants used this confusingly similar trade dress to market "Stay-On" sets to retailers and other merchants who would be selling Christmas lights to consumers in the 2002 Christmas season. | |
| . . . . | |
| 118. The Defendants' use of this confusingly similar mark on their packages and in their advertisements, as described above, has caused and is likely to cause further confusion and mistake and to deceive potential consumers and the public as to the source of their merchandise. | |
| . . . . | |
| 123. The Defendants' use of the confusingly similar "Stay-On" mark in their advertisements and on their merchandise, as described above, is a false designation of origin and is likely to cause confusion and mistake and to deceive potential consumers and the public as to the source, origin, or sponsorship of the "Stay-On" merchandise. | |
| . . . . | |
| 125. The Defendants' use of this confusingly similar trade dress in their advertisements and on their merchandise, as described above, is a false designation of origin and is likely to causes confusion and mistake and to deceive potential consumers and the public as to the source, origin, or sponsorship of the "Stay-On" | |

| UNDISPUTED MATERIAL FACTS | | SUPPORTING EVIDENCE |
|---|---|---|
| | merchandise. | |
| 29. | On January 8, 2004, Plaintiffs provided a copy of the Amended verified Complaint in the *JLJ* Action to St. Paul. | Bryan Decl. ¶ 13; **Exhibit "10."** |
| 30. | On January 13, 2004, St. Paul acknowledged receipt of the Amended Complaint and affirmed its December 23, 2002 denial of a defense. | Bryan Decl. ¶ 14. |
| 31. | On January 28, 2004, St. Paul advised defense counsel that it was undertaking a belated coverage investigation based upon review of the Complaint and Amended Complaint. | Bryan Decl. ¶ 15. |
| 32. | To date, St. Paul has not agreed to defend Plaintiffs in the *JLJ* Action. | Hausauer Decl. ¶ 21. |
| 33. | Plaintiffs filed a Complaint against St. Paul seeking declaratory relief pursuant to 28 U.S.C. § 2201 and damages resulting from breach of contract. | Bryan Decl. ¶ 16. |

**Summary of Plaintiffs' Exhibits Listed in Separate Statement**

Exhibit "A"   Declaration of Barry Hausauer

Exhibit "B"   Declaration of Mitchell Bryan

Exhibit "C"   Documents

    1.   St. Paul CGL Policy No. CK01204882 for the period 2002 to 2003

    2.   St. Paul Umbrella Policy No. CK01204882 for the period 2002 to 2003

    3.   JLJ Complaint, filed November 5, 2002

    4.   Motion for Leave to File Amended Complaint and Amended Verified Complaint filed September 19, 2003

    5.   Visual Point-Of-Purchase materials

    6.   St. Paul's December 23, 2002 denial letter

    7.   JLJ's August 7, 2002 cease and desist letter

    8.   St. Paul's October 23, 2002 denial letter

    9.   SBC's November 7, 2002 tender letter to St. Paul

    10. SBC's January 8, 2004 letter to St. Paul

Dated:   April 15, 2004

                          **SANTA'S BEST CRAFT, LLC, SANTA'S BEST and H.S. CRAFT MANUFACTURING CO.**

                          By:   _____
                                      One of Their Attorneys

Mitchell Bryan                                    David A. Gauntlett
Gary I. Blackman                                 James A. Lowe
LEVENFELD PEARLSTEIN                    GAUNTLETT & ASSOCIATES
2 North La Salle Street, Suite 1300      18400 Von Karman, Suite 300
Chicago, IL 60602                              Irvine, CA 92612
Tel:  (312) 346-8380                            Tel:    (949) 553-1010
Fax:  (312) 346-8434                            Fax:    (949) 553-2050

Attorneys for Plaintiffs

# SEE CASE FILE FOR EXHIBITS