IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

**DOCKETED**
OCT 14 2004

SANTA'S BEST CRAFT, LLC, a Delaware ) CASE NO.: 04-C 1342
limited liability company; SANTA'S BEST )
CRAFT, an Illinois general partnership; and ) Hon. Robert W. Gettleman
H.S. CRAFT MANUFACTURING CO., a )
Taiwanese corporation (Republic of China), ) SUPPLEMENTAL DECLARATION OF
) JAMES A. LOWE IN SUPPORT OF
              Plaintiffs, ) SANTA'S' MOTION FOR PARTIAL
) SUMMARY JUDGMENT QUANTIFYING
vs. ) DEFENSE EXPENSES
)
ST. PAUL FIRE AND MARINE INSURANCE )
COMPANY, a Minnesota corporation, )
)
              Defendant. )
)

I, JAMES A. LOWE, testify as follows:

    1.    I am an attorney in good standing admitted to practice before this Court. I am a Senior Associate with the law firm of Gauntlett & Associates, counsel for Plaintiffs Santa's Best, Santa's Best Craft, LLC ("SBC") and H.S. Craft Manufacturing Company ("H.S. Craft") (collectively "Santa's") in this insurance coverage action against Defendant St. Paul Fire & Marine Insurance Company ("St. Paul"). I have been lead counsel for Santa's since the inception of this case. I have personal knowledge of the facts set forth in this supplemental declaration. If called upon to testify, I could competently testify to the truth of these matters.

    2.    Gauntlett & Associates was retained by Santa's as coverage counsel for the purpose of securing and obtaining policy benefits from St. Paul in relation to the lawsuit filed as *JLJ, Inc., et al. v. Santa's Best Craft, LLC, et al.*, Case No. C-3-02-00513, Southern District of Ohio, Western Division, at Dayton (the "*JLJ* Action").

**Calculation of Defense Expenses, Payments and Prejudgment Interest**

    3.    **Considering only the St. Paul payment, Exhibit "14"** calculates the principal and interest before the St. Paul payment and **without considering the Zurich payments**. As of

August 26, 2004, $2,123,253 was due. After crediting the $854,259.44 payment **on August 27, 2004, the balance would** be **$1,268,993.56,** by the application of the law of subtraction, plus 5% interest for 110 days to December 14, 2004 ($173.83 per diem) in the amount of $19,121.83, by application of the laws of multiplication, division and addition, for a **total due on December 14, 2004 of $1,288,115.39**.

    4.    **Considering all insurer payments** including the single payment on August 27, 2004 to Santa's from St. Paul Fire & Marine Insurance Company in the amount of $854,259.44 and the three payments made by Zurich, **Exhibit "29"** calculates that as of **August 27, 2004** the principal invoice balance was $575,245.31 plus interest of $3,782.43 resulting in a **balance of $579,957.74.** From that date until December 14, 2004 daily interest at 5% per annum will accrue at $78.80 (amounting to $8,668.00 for the 110 days from August 27 to December 14, 2004) for a **total due on December 14, 2004 of $587,625.74.**

    5.    I directed and oversaw the calculation of the amount of prejudgment interest owed by St. Paul on Santa's' defense expenses. Pursuant to my instructions, trained Gauntlett & Associates personnel utilized the computer software spreadsheet program Microsoft Excel to calculate the interest accruing after considering the interest accruing for each of the invoices from the date of the invoice through August 27, 2004 and considering payments made by St. Paul Fire and Marine Insurance Co. and by Zurich American Insurance Co. These calculations were based on applying to the total of each invoice a simple interest rate of 5% per annum with interest accruing from the date of each invoice, applying payments first to accrued interest and the remainder to the principal balance. The calculations are shown through August 27, 2004 with per diem interest shown thereafter. **Exhibit "29"** is a correct copy of the Excel spreadsheet showing these calculations of principal and interest amounts and balances. It is my belief, after careful review of the calculations that **Exhibit "29"** correctly reflects the mathematical calculations and results based on accurate invoice and payment figures and a proper calculation of interest.

    6.    **Exhibit "30"** is a copy of a Notice of Filing (on October 6, 2004) Motion to

Strike and/or Dismiss the Third-Party Complaint For Declaratory Judgment, and Memorandum of Law in Support of St. Paul Fire and Marine Insurance Company's Motion to Strike and/or Dismiss the Third-Party Complaint For Declaratory Judgment filed by St. Paul in the state court case brought by Santa's against Zurich, in which Zurich has filed a Third-Party Complaint against St. Paul for contribution. The pending state court case in the Chancery Division of the Circuit Court of Cook County, Illinois is styled as *Santa's Best Craft, LLC, et al v. Zurich American Insurance Company, and Zurich American Insurance Company v. St. Paul Fire and Marine Insurance Company*, Case No. 04 CH 01885. I am lead counsel for Santa's in that case.

7. **Exhibit "31"** is a copy of a letter dated August 30, 2004 from Santa's counsel, Mitchell Bryan to St. Paul's counsel, Shaun Baldwin responding to a Baldwin letter about the instant quantification motion and confirming that Mr. Bryan had caused the quantification motion to be filed on August 25, 2004 before Mr. Bryan received a call from Jason Craft of Ms. Baldwin's office asking for a tax ID number for Santa's.

8. As the principal draftsman of the quantification motion, I know that the motion and supporting documentation was prepared over the course of many days and was sent to Chicago for filing before St. Paul promised to pay any amount of reimbursement. The quantification motion was not withdrawn after the partial payment by St. Paul on August 27, 2004 because the payment was only partial and St. Paul has never promised to reimburse the balance of defense expenses but instead asserted that it would not pay the balance.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of October 2004, at Irvine, California.

James A. Lowe

*See Case File for Exhibits*