IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANTA'S BEST CRAFT, LLC, a Delaware )
limited liability company; SANTA'S BEST )
CRAFT, an Illinois general partnership; and H.S. )
CRAFT MANUFACTURING CO., a Taiwanese )
corporation (Republic of China), )
)
Plaintiffs, )
) No. 04 C 1342
v. )
) Judge Robert W. Gettleman
ST. PAUL FIRE AND MARINE INSURANCE )
COMPANY, a Minnesota corporation, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

This is the latest, but regrettably not the last, installment in an insurance coverage saga that has spawned a lawsuit in both state and federal court, a proliferation of motions, thousands of pages of briefs, and multiple rulings. In their second amended complaint, filed on December 22, 2005, plaintiffs Santa's Best Craft, LLC, Santa's Best Craft, and H.S. Craft Manufacturing Co. allege that defendant St. Paul Fire and Marine Insurance Co. ("St. Paul") breached its contractual obligations under a general liability policy ("St. Paul Policy") by refusing to defend plaintiffs in an action filed against plaintiffs in the Southern District of Ohio, JLJ, Inc. et al. v. Santa's Best Craft LLC, et al., case no. C-3-02-00513 (the "JLJ action"). Shortly before filing the instant suit plaintiffs sued another insurer, Zurich American Insurance Company ("Zurich") in the Circuit Court of Cook County, Illinois, alleging that Zurich had a duty to defend plaintiffs in the JLJ action under a policy that covered the period just prior to the St. Paul Policy. See Santa's Best Craft, LLC v. Zurich American Ins. Co., case no. 04 CH 01885 (the "Zurich

action"). The Zurich action was assigned to Judge Richard Siebel. In August 2004, Zurich filed a third-party complaint against St. Paul in the Zurich action, seeking contribution.

In its Memorandum Opinion and Order dated July 20, 2004, this court granted plaintiffs' motion for partial summary judgment on the first amended complaint, holding that St. Paul had a duty to defend plaintiffs in the JLJ action. Santa's Best Craft LLC et al v. St. Paul Fire and Marine Ins. Co., 2004 WL 1730332 (N.D.Ill. July 30, 2004) ("Santa's Best I"). In its Memorandum Opinion and Order dated January 25, 2005, this court denied plaintiffs' motion for partial summary judgment quantifying defense expenses, and granted St. Paul's motion to stay this action until the Zurich court issued its ruling on reasonable defense fees. Santa's Best Craft LLC et al v. St. Paul Fire and Marine Ins. Co., 353 F. Supp. 2d 966 (N.D.Ill. 2005) ("Santa's Best II"). St. Paul agreed to be bound by the state court's determination of the reasonableness of fees for plaintiffs' defense in the JLJ action. On December 28, 2005, plaintiffs filed a motion in the instant case for judgment against St. Paul for $1,536,134.20, the entire amount of defense fees held reasonable by the Zurich court, plus prejudgment interest. For the reasons discussed below, the court denies plaintiffs' motion and stays the litigation until the Zurich action has been resolved.

## **FACTS**[1]

Monogram Licensing, Inc. ("Monogram"), a licensee of Santa's Best, was a co-defendant in the JLJ action. Santa's Best's license agreement with Monogram contains an indemnity provision requiring Santa's Best to defend and hold Monogram harmless against various claims

---

[1]The following are the facts relevant to the instant motion for judgment for reasonable defense expenses. For a fuller recitation of the underlying facts, see Santa's Best I, 2004 WL 1730332, and Santa's Best II, 353 F. Supp. 2d 966.

made by third parties arising from activities under the license. Pursuant to the indemnity clause, plaintiffs paid for Monogram's defense in the JLJ suit (the "Monogram Fees") and coordinated its defense of the JLJ suit with Monogram. Monogram is not insured by St. Paul or included in the St. Paul Policy. The St. Paul Policy states that if plaintiffs "have agreed under the same covered contract to defend, or pay for the defense of, an indemnitee against a claim or suit for such injury or damage covered by this agreement" St. Paul will defend the indemnitee against the claim or suit if certain conditions are met. St. Paul asserts that plaintiffs never tendered Monogram's defense.

After this court stayed the instant litigation on January 25, 2005, the Zurich court held a hearing on the reasonableness of the defense costs, in which St. Paul participated as a third-party defendant. Zurich filed a motion in limine seeking to exclude evidence of the cost of Monogram's defense from the hearing, arguing that the court had not determined that Zurich was liable for this portion of the defense costs in the JLJ action. St. Paul joined Zurich's motion in limine. During a hearing on October 25, 2005, Judge Siebel agreed that he had not ruled on the Monogram Fees but that in the interest of judicial economy, he would hear evidence on the reasonableness of the Monogram Fees. He also stated that he would treat the motion in limine as a partial summary judgment motion on the issue of coverage for the Monogram Fees.

On December 14, 2005, Judge Siebel entered a judgment of $1,536,134.20 for plaintiffs. The court's order states that this figure includes $1,265,116.30 for the Monogram Fees, and that a motion for summary judgment by Zurich related to the Monogram Fees is currently pending. Although the order does not contain the third-party caption, the order states that St. Paul has agreed to be bound by the ruling in the Zurich action and the instant action. The order also states

3

that "no rulings are being made at his time as to Zurich's contribution claim" against St. Paul. Accordingly, the Zurich court held that plaintiffs' "right to enforce the judgment against Zurich is stayed as to the Monogram Fees only (and not stayed as to the balance of the fees owed) and until such time as this Court rules on Zurich's Motion for Summary Judgment or until further order of the Court. There is no just cause to delay the enforcement of that portion of this fee award ($271,017.90) that has not been stayed." The Zurich court also held that plaintiffs were not entitled to prejudgment interest from Zurich. On January 10, 2006, Zurich paid the portion of the fee award that had not been stayed.

## **DISCUSSION**

Despite the court's best efforts, and its stern admonitions in its previous two opinions, plaintiffs continue to litigate this fairly straight-forward insurance coverage dispute in a disjointed and inefficient manner. Currently before the court is yet another motion in which plaintiffs argue issues prematurely, and ask this court to duplicate, or review, the work of the state court. For the reasons discussed below, plaintiffs' motion is denied.

Plaintiffs' motion for judgment presents an over-simplified and misleading version of the state court's rulings in Zurich, and improperly fails to inform the court that Judge Siebel expressly and deliberately separated the reasonable defense costs into two categories: (1) $271,017.90, the outstanding balance on costs incurred defending plaintiffs in the JLJ action ("Plaintiffs' Fees"); and (2) $1,265,116.30, the Monogram Fees. It is undisputed that Zurich has paid the balance owed for the Plaintiffs' Fees, and this portion of the judgment has thus been fully satisfied.

4

Plaintiffs' argument that this court should enter a judgment against St. Paul for the Plaintiffs' Fees even though this portion has been satisfied is unpersuasive. Plaintiffs assert that they require a duplicate judgment from this court to ensure that they can collect from St. Paul "to the extent the Zurich does not pay reasonable defense expenses or else recovers its payments from [plaintiffs]." Plaintiffs also state that "Zurich seeks to recoup from [plaintiffs] the defense costs it already paid." The court does not understand, and plaintiffs do not explain, under what circumstances Zurich could recover from plaintiffs the payments for the Plaintiffs' Fees.[2] Judge Siebel's order entering a judgment against Zurich states that there "is no just cause to delay the enforcement" of the judgment for the Plaintiffs' Fees, indicating a final and appealable order under Illinois Supreme Court Rule 304(a), 155 Ill.2d R. 304(a), but plaintiffs do not assert that Zurich has appealed. Accordingly, the court denies plaintiffs' motion for judgment as to the Plaintiffs' Fees in the amount of $271,017.90.

Plaintiffs also argue that they are entitled to judgment for the Monogram Fees, which constitute the bulk of Judge Siebel's judgment. Plaintiffs' argument, however, is based on the erroneous assertion that this court has found that St. Paul's duty to defend plaintiffs includes the defense of Monogram. Neither Santa's Best I nor Santa's Best II held that St. Paul had a duty to defend Monogram or is otherwise liable for the Monogram Fees. Indeed this court has never before been asked to address the issue of the amount plaintiffs reimbursed Monogram for its defense costs.

---

[2]The court also notes that because Zurich is not a party here, this court cannot enter a joint and several judgment against both insurers. To enter a judgment against St. Paul for an amount that has been satisfied would create the possibility of double recovery by plaintiffs. As the court noted in Santa's Best II, "Clearly an insured is not entitled to recover defense costs from one insurer that have already been paid by another." 353 F. Supp. at 976.

Plaintiffs argue in the instant motion that under the licensing agreement between Monogram and plaintiffs and the indemnification clause in the St. Paul Policy, which were mentioned in previous complaints and factual summaries, St. Paul is liable for the Monogram Fees. The second amended complaint, filed on December 22, 2005, however, is the first pleading to contain an express claim or a prayer for relief for the Monogram Fees. Although plaintiffs argued in their motion for partial summary judgment quantifying defense expenses that they were entitled to the Monogram Fees, plaintiffs have never asked this court to adjudicate St. Paul's liability for the Monogram Fees directly. More importantly, this court has never addressed or ruled on the issue because it denied the motion to quantify and stayed the litigation.[3] Plaintiffs cannot use a motion for judgment as a back door to a declaratory judgment regarding Monogram. Plaintiffs' attempt to do so has again sparked lengthy and involved briefing on an issue that they have presented prematurely and without full candor regarding the status of the parallel state court litigation. To date, neither party has sought a ruling regarding Monogram's defense cost, such as through a summary judgment motion. The court is therefore unable to decide this issue at this time and on this record. The portion of plaintiffs' motion that seeks judgment on the Monogram Fees is thus patently premature. Accordingly, plaintiffs' motion for judgment on the Monogram Fees is denied.

In addition, the court exercises its discretion and stays the instant litigation until the Zurich action is resolved entirely, which was the court's intention when it granted St. Paul's

---

[3]The court notes that in their reply brief, plaintiffs mischaracterize a statement from the factual summary section of Santa's Best II, in which the court noted that the agreement between plaintiffs and Monogram contained a provision requiring plaintiff to defend and hold Monogram harmless. 353 F. Supp. at 969 n. 3. The court, however, did not hold that St. Paul was responsible for Monogram's defense costs.

motion to stay in Santa's Best II. Although at the time it issued Santa's Best II this court anticipated that Judge Siebel's ruling on the reasonableness of fees would bring this chapter of the litigation to a close, it did not anticipate the dispute regarding the Monogram Fees or that the state court's ruling would leave so many open questions. As before, it appears that many of the issues raised by both parties have already been presented to the state court, which is more familiar with current developments in the litigation and with the fee dispute in particular, and in which all three parties – plaintiffs, Zurich, and St. Paul – are named.

The most important issue raised by the current motion for judgment – the Monogram Fees – is already before the Zurich court, and there is no benefit to this court permitting a new round of briefing here. The summary judgment motion regarding the Monogram Fees that was joined by St. Paul, and Zurich's third-party claim against St. Paul for contribution, are currently pending in state court. Neither party explains whether the summary judgment motion pending in Zurich addresses St. Paul's duty to defend Monogram, or Zurich's duty only, and the substance of the motion is unclear from the record presented.

Judge Siebel's December 14, 2005, order refers to "Zurich's summary judgment" motion, but his in-court statements on October 25, 2005, indicate that St. Paul joined the motion in limine that was converted into the summary judgment motion. Even if St. Paul's liability for the Monogram Fees is not resolved in the Zurich court's summary judgment ruling, however, it is likely to be addressed in the context of Zurich's third-party claim against St. Paul. If the state court determines that Zurich must reimburse plaintiffs for the Monogram Fees, Zurich will undoubtably seek contribution for this portion of the judgment from St. Paul. That is, Zurich's

claims will be subrogated to plaintiffs' claim that St. Paul is responsible for the Monogram Fees under the indemnitee clause of the St. Paul Policy.

Over a year ago, this court stayed the instant action "until resolution of the Zurich action." Santa's Best II, 353 F. Supp. at 977. Contrary to plaintiffs' representation in the motion for judgment, the Zurich action is far from resolved, and the same concerns regarding piecemeal litigation and inconsistent or duplicative litigation discussed in Santa's Best II weigh strongly in favor of re-instituting the stay. The issue of St. Paul's liability for the Monogram Fees is likely to be addressed by the state court as part of Zurich's contribution action, and there is no need, or good reason, for this court to repeat the efforts of the Zurich court.[4] Accordingly, the court exercises its discretion and stays the instant action until the Zurich action is fully resolved.

Because the court denies plaintiffs' motion for judgment and stays the litigation, it need not reach other issues raised by the parties, including plaintiffs' claim for prejudgment interest under § 2 of the Illinois Interest Act, 815 ILCS 205/2. The court notes, however, that it appears that plaintiffs may be bound by Judge Siebel's final order denying prejudgment interest, which plaintiffs have apparently not appealed, and that plaintiffs may thus be collaterally estopped from re-litigating the issue in this court. Judge Siebel's December 14, 2005, order clearly anticipates that it applies as a whole to St. Paul as well as to Zurich, including its holding regarding prejudgment interest. St. Paul participated in the fee hearing and filed motions and objections. Plaintiffs thus had the opportunity to raise prejudgment interest issues regarding St. Paul in the Zurich action.

---

[4]In the event that the state court resolves the Zurich litigation entirely without reaching the issue of St. Paul's responsibility for the Monogram Fees, either party may seek leave of this court to file a summary judgment motion on the issue.

## CONCLUSION

For the reasons stated herein, plaintiffs' motion for judgment for defense expenses is denied, and the court stays the instant litigation until the resolution of the <u>Zurich</u> action currently pending in state court. The parties are directed to report to this court the status of the <u>Zurich</u> action on August 23, 2006, at 9:00 a.m.


**ENTER:      March 21, 2006**

_____
**Robert W. Gettleman
United States District Judge**

9