IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANTA'S BEST CRAFT, LLC, a Delaware )
limited liability company; SANTA'S BEST, )
an Illinois general partnership; and H.S. CRAFT )
MANUFACTURING CO., a Taiwanese )
corporation (Republic of China), )
                 )
    Plaintiffs, )  No. 04 C 1342
 v. )
                 )  Judge Robert W. Gettleman
ST. PAUL FIRE AND MARINE INSURANCE )
COMPANY, a Minnesota corporation, )
                 )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Santa's Best Craft, LLC, Santa's Best and H.S. Craft Manufacturing Co. (jointly as "SBC") brought a two count amended complaint against defendant St. Paul Fire and Marine Insurance Co. ("St. Paul") alleging breach of contractual obligations under a general liability policy (the "Policy") by refusing to defend SBC in a lawsuit filed in the Southern District of Ohio, JLJ, Inc. v. Santa's Best Craft, No. C-3-02-00513, 2004 WL 5655875 (S.D. Ohio 2004) (the "JLJ Action"). On July 20, 2004, this court held that St. Paul had a duty to defend SBC in the JLJ Action. Santa's Best Craft LLC v. St. Paul Fire and Marine Insurance Co., 2004 WL 173032 (N.D. Ill. 2004) (Santa's Best I).

St. Paul moved for reconsideration of that order, and the parties also filed cross-motions for summary judgment regarding St. Paul's duty to reimburse defense expenses of Monogram Licensing, Inc., a licensee of SBC, as well as SBC's settlement expenses. On September 16, 2008, the court denied St. Paul's motion to reconsider, and held that St. Paul was not responsible for the Monogram defense expenses or for reimbursement of SBC's settlement expenses. The

court also denied SBC's motion for prejudgment interest. Santa's Best Craft, LLC v. St. Paul Fire and Marine Insurance Co., 2008 WL 4328192 (N.D. Ill. 2008) (Santa's Best III).

Both parties appealed and on July 1, 2010, the Seventh Circuit affirmed this court's decision that St. Paul had but did not breach a duty to defend SBC, and that St. Paul was not required to reimburse SBC for Monogram's expenses. The court of appeals remanded for further proceedings on the issues of whether St. Paul is required to reimburse SBC for its settlement expenses, and whether St. Paul owes prejudgment interest on SBC's litigation defense expenses. Santa's Best Craft LLC v. St. Paul Fire and Marine Insurance Co., 611 F.3d 339, 343 (7th Cir. 2000) (Santa's Best IV).

On remand, the parties filed additional briefs on plaintiffs' motion for an award of settlement reimbursement and prejudgment interest. For the reasons explained below, that motion is denied.

## **FACTS**

A full description of the facts underlying this protracted litigation can be found in the Seventh Circuit's opinion, Santa's Best IV, 611 F.3d at 343-44. Only a brief summary is necessary for resolution of the instant motion.

In August 2002 JLJ sent SBC a cease-and-desist letter, demanding that SBC change the packaging of its "Stay-On" lights. JLJ claimed that SBC's Stay-On lights boxes copied the look and slogan of JLJ's Stay Lit lights. SBC sent the letter to St. Paul, which responded that SBC's commercial general liability ("CGL") coverage policy did not cover the claims in the demand letter. St. Paul claimed that JLJ's false representation claims were not covered in the first place,

2

and that it owed no defense with respect to the remaining claims because of two policy exclusions relating to intellectual property and material previously made known or used.

JLJ filed suit against SBC in the Southern District of Ohio alleging Lanham Act trademark infringement, false designation of origin, false advertising, trademark dilution and deceptive trade practices. JLJ Inc. v. Santa's Best Craft LLC, 2004 WL 5655875 (S.D. Ohio 2004). St. Paul denied coverage. Almost two years later, after JLJ added two members of SBC, Santa's Best Craft Manufacturing Co. and H.S. Craft Manufacturing Co., and SBC's licensee, Monogram, as defendants, St. Paul continued to investigate its duties but reserved the right to deny any coverage.

In February 2004 SBC initiated the instant declaratory action seeking to compel St. Paul to defend it. St. Paul counterclaimed for a declaration that it had no duty to defend. In December 2004 SBC settled with JLJ, paying it $3.5 million and agreeing not to use the Stay-On mark or any colorable imitation of the Stay Lit mark.

## DISCUSSION

In Santa's Best III, this court concluded that St. Paul was not required to reimburse SBC for the $3.5 million settlement amount because SBC could not establish that it had settled an otherwise covered loss in reasonable anticipation of personal liability. Santa's Best III, 2008 WL 43228192 at *7. Specifically, this court concluded that SBC acted reasonably in entering into the settlement, but that the only claim brought by JLJ that was even potentially covered by the policy was the trade dress claim, and reimbursement was not required because SBC was unable to allocate between amounts paid for claims actually covered and those not actually

3

covered.  Id. at *8.  Because SBC was unable to provide that allocation, the court did not reach whether JLJ's trade dress claims were actually covered.  Id.

As noted, the Seventh Circuit disagreed slightly with this court's analysis, concluding that allocation was not required and that the proper inquiry in cases such as the instant case "in which it is possible that none of the settlement was attributable to the dismissal of claims for damages covered by the insurer's policy," is whether a "'primary focus' of the claims that were settled was a potentially covered loss (burden on the insured).  Conversely, if it can be established that the claims were not even potentially covered (burden on the insurer), then the insurer is not required to reimburse the settlement."  Santa's Best IV, 611 F.3d at 352.

The court of appeals agreed with this court that the only possible covered claim is the "infringement of slogan" claim that was part of JLJ's trade dress claim.  Id.  Thus, it is SBC's burden to establish that a "primary focus of settlement was damages payment for a covered infringement of slogan claim."  Id.  It has failed to carry that burden.

The JLJ court, when ruling on JLJ's motion for preliminary injunction, found that "plaintiffs have not shown a strong likelihood of success on the merits of their trade dress claim."  Nothing in that order suggests that the JLJ court found any merit to a potential claim for infringement of slogan.  Therefore, as of April 30, 2003, the date of the preliminary injunction order, SBC had little reason to be concerned about the trade dress claims and little reason to consider an infringement of slogan claim a primary focus of any potential settlement.

Consequently, to establish that the infringement of slogan claim was a primary focus of the settlement actually reached approximately 20 months later in December 2004, SBC must identify some record evidence (learned in discovery) that was not before the JLJ court when it

ruled on the preliminary injunction, that demonstrates that SBC had reason to settle that claim. In other words, it must present evidence that would, or at least could, lead to a conclusion different from that reached by the JLJ court when ruling on the motion for preliminary injunction that JLJ was unlikely to prevail on its trade dress (and incorporated slogan infringement) claim.

Rather than provide such record evidence (apparently because there is none) plaintiff resorts to the unconvincing and hindsight-induced argument that simply because the measure of damages sought by JLJ in each of its claims was the same as what could have been awarded for infringement of slogan, a primary focus of the settlement must have been the infringement of slogan claim. The mere fact that multiple claims can be redressed by the same measure of damages does not necessarily mean, however, that the elements of those claims are the same, or that a settlement of a suit containing multiple claims had, as a primary focus, one particular claim. More evidence than SBC has provided would be needed to reach that conclusion.

Indeed, as St. Paul argues, the only record evidence (the preliminary injunction order) supports a contrary conclusion. The JLJ court found that JLJ had a strong likelihood on its trademark claim, no likelihood of success on the trade dress claim (which included any potential claim for infringement of slogan) and no likelihood of success on the false advertising claim. In the absence of any additional evidence, the only conclusion that can be drawn is that the primary focus of the settlement was the trademark claim. Accordingly, the court concludes that SBC has failed to carry its burden of establishing that a possible infringement of slogan claim was a primary focus of the settlement. Therefore, SBC's motion for reimbursement of settlement expenses is denied.

The court also denies SBC's motion for prejudgment interest on its general defense costs. As the Seventh Circuit noted, 613 F.3d at 355 an Illinois statute, 815 ILCS 205/2 provides for prejudgment interest on written sums:

> §2. Creditors shall be allowed to receive at the rate of five (5) percentum per annum for all monies after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment. In the absence of an agreement between the creditor and debtor governing interest charges, upon 30 days' written notice to the debtor, an assignee or agent of the creditor may charge and collect interest as provided in this Section on behalf of a creditor.

Prejudgment interest is available for sums due on insurance policies, and the decision to award such interest is left to the sound discretion of the trial court. Santa's Best IV, 611 F.3d at 355. To recover prejudgment interest, the amount due must be liquidated or subject to an easy determination. Marchesi v. Illinois Farmers Insurance Co., 298 Ill. App.3d 306, 313 (1st Dist. 1998); Couch v. State Farm Insurance Co., 279 Ill. App.3d 1050, 1054 (3d Dist. 1996).

SBC sought prejudgment interest on the same defense costs from another insurer, Zurich American Insurance Co., that SBC had sued in the Circuit Court of Cook County (No. 04 CH 01885) (the "Zurich Action"). Zurich added St. Paul as a third party defendant in that action seeking contribution. St. Paul agreed to be bound by the Circuit Court's determination of reasonable attorney's fees and expenses to be reimbursed to SBC for the cost of its defense. The Circuit Court held a two day hearing and determined that SBC was entitled to $1.54 million in defense costs, of which approximately $1.27 million were incurred for defending Monogram, for which neither Zurich nor St. Paul is responsible. The Zurich court denied SBC's motion for

prejudgment interest. That decision was affirmed on appeal (<u>Santa's Best Craft v. Zurich American Insurance Co.</u>, 941 N.E.2d 291, 308 (1st Dist. 2010)):

> In this case, after a three-day evidentiary hearing in which plaintiffs sought to recover approximately $2 million in outstanding defense expenses they claim they were owed, the court awarded them $271,017.90. The vast disparity in the amount sought and the amount awarded, together with the lengthy evidentiary hearing required to calculate the amount of fees due, similarly support the conclusion that the damages were not easily determined, nor were they liquidated. <u>See</u> <u>Couch</u>, 279 Ill. App.3d at 1055. Therefore, the court did not err in denying plaintiffs' motion for prejudgment interest.[1]

St. Paul argues that SBC is collaterally estopped from seeking prejudgment interest in the instant case based on the Zurich Action. The court need not reach that issue, however, because even if collateral estoppel does not apply, the reasoning of the Zurich court's decision is sound. SBC is not entitled to prejudgment interest for defense costs because those costs were not easily calculated or liquidated. Accordingly, the court denies SBC's motion for prejudgment interest.

## **CONCLUSION**

For the reasons described above, plaintiffs' motion following remand for award of settlement reimbursement and prejudgment interest (Doc. 184) is denied. This case is terminated.

**ENTER:** **April 14, 2011**

_____
**Robert W. Gettleman**
**United States District Judge**

---

[1] SBC's petition for leave to appeal to the Illinois Supreme Court was denied on March 30, 2011.